UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT EARL KING, III** | **CIVIL ACTION NO. 22-6198** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **ST. TAMMANY PARISH PRISON, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Robert Earl King, III, a prisoner at Caldwell Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately December 15, 2022, under 42 U.S.C. § 1983. He names the following defendants: St. Tammany Parish Prison, Caldwell Parish Detention Center, Correct Solutions, and JailATM.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff was incarcerated at St. Tammany Parish Prison from July 25, 2020, to September 19, 2022, when he was transferred to Caldwell Parish Detention Center. [doc. # 1, p. 4]. Both facilities use the JailATM kiosk system. *Id.*

In his initial pleading, Plaintiff claims that from January 1, 2022, to November 13, 2022, JailATM, a communication company, repeatedly "hacked" his and his wife's cellular telephones and intercepted their messages. *Id.* at 12. He alleges that his wife has received several messages

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

from someone impersonating him, telling her "to go places and do things" which exposed her to harm. *Id.* Plaintiff also received messages from someone impersonating his wife. *Id.*

Plaintiff claims that JailATM has been passing information to outside parties who "are responsible for the murder of [his] infant children . . . ." *Id.* at 12. His wife informed him "via kiosk machine" that individuals confessed to murdering his children. *Id.* He alleges that shortly thereafter, JailATM "started erasing all of our messages after 30 days." *Id.* Plaintiff "believe[s] JailATM played a critical role in the murder of all the persons that were killed . . . ." *Id.*

Plaintiff claims that "they" are intercepting his and his wife's messages, restricting the number of messages they send to each other, and re-typing messages and then sending them. *Id.*

Plaintiff claims that Correct Solutions, a telephone company, is "blocking [his] family from phone calls." *Id.* at 3, 5.

Plaintiff filed an amended pleading on February 9, 2023. For context, the undersigned presents most of the pleading verbatim:

> The two individuals that confessed to the murder for hire stated that they were paid by former St. Tammany Parish officials. (Walter Reed) former St. Tammany Parish district attorney and ex governor of Louisiana (Edwin Edwards) See Kiosk Records from: (January 2021-February 2021) Some of the person involved in a case from 2000, were, several individuals were fired by Sheriff Randy Smith, some of the ranking officers that were involved in the case are currently employed at St. Tammany Parish Jail by way of demotion. These officers have access to the kisok system. (Lt. Moore; Lt. Mendow). (See Kiosk records from 2022). They show clearly that on several occasions my wife had not sent certain messages nor did she have knowledge of what was being said. Also see phone records from (March 2022-August 2022).
>
> Pictures of my infant twins were sent to me through the mail, which I never received at St. Tammany Parish Jail, pictures of my wife, that they were able to use to identify my wife and babies.
>
> These individuals worked for former Sheriff Jack Strain and also while Walter Reed was in office. Doctor Michael David and James Nee, confessed on record via (Zoom) at approx. 2:30 pm on January 25 2022 before two district attorneys in Chicago. They were supposed to be transferred to Louisiana but they were

2

> released on bond. After their confession. They confessed that Walter Reed told them that, "the babies were a bonus," meaning, they were worth more money, if they were killed. They also confessed that they paid to have our Attorney Stephen Gonzales killed also. He was shot near the Mandeville area.
>
> It is my belief that my right to life and liberty and the pursuit of happiness was severely violated by all of the individuals name in this complaint, due to the corruption inside of these departments. Also see (all calls from (July 2 2020- July 25 2020) The operator stated to me that: All I was going to get was police, that were trying to kill me, After I called 911 several times on those days, to report that several people had shot at me and my wife. I was arrested on the 25 of July 2020. An attempt was made on my wife and 5 year old autistic son in the month of January 2023. She is now in federal protective custody. My wife informed me that there are individuals that work at Caldwell Parish Detention Center who are also involved as of recent, according to federal agents. [sic].

[doc. # 9, pp. 1-2].[2]

Plaintiff seeks compensation for emotional distress and money his family "spent to access these systems." [doc. # 1, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

---

[2] Plaintiff does not name any of the individuals in his amended pleading as defendants. He does state: "it is my belief that my right to life and liberty and the pursuit of happiness was severely violated by all of the individuals name in this complaint . . . [sic]." [doc. # 9, p. 2]. First, however, Plaintiff is quoting the Declaration of Independence. U.S.C. § DECLARATION OF INDEPENDENCE (West) ("We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness."). The Declaration of Independence does not provide any independent right to relief in this context. *See Secor v. Oklahoma*, 2016 WL 6156316, at *4 (N.D. Okla. Oct. 21, 2016) (listing several reasons why a plaintiff cannot ground a Section 1983 action in the Declaration of Independence). Second, even if Plaintiff did seek cognizable relief from the individuals listed in his amended pleading, the undersigned would recommend dismissal for the same reasons the undersigned recommends (below) dismissal against the extant defendants.

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Standing**

Plaintiff lacks standing to pursue monetary relief on behalf of his wife and other family members.

Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). In *Ivy v. Evans*, 2014 WL 1747767, at *1 (S.D. Miss. Apr. 30, 2014), for example, the court held that the plaintiff lacked standing to assert that officials at a detention facility harassed and unnecessarily searched his visitor. *See Kennedy v. Dallas Police Dep't*, 2007 WL 30260, at *2 (N.D. Tex. Jan.4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he suffered).[4]

In addition, Plaintiff may not function as counsel for his family. *See, e.g., Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("[I]ndividuals who do not have a law license may not represent other parties even on a next friend basis."). Parties can represent themselves, or an attorney can represent them; a non-lawyer cannot represent them. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (*citing Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authority)).

---

[4] *See also Williams v. Natchitoches Police Dep't*, 2014 WL 4629604, at *2 (W.D. La. Sept. 15, 2014) (dismissing a plaintiff's claim that police harassed the plaintiff's mother); *James v. York Cty. Police Dep't*, 160 F. App'x 126, 131 (3d Cir. 2005) (holding that the plaintiff "could not bring claims of police harassment on behalf of his wife or her sister."); *Daniels v. Southfort*, 6 F.3d 482, 484 (7th Cir. 1993) ("[Plaintiff] lacks standing to complain about injuries to his friends."); *see generally Niehus v. Liberio*, 973 F.2d 526 (7th Cir. 1992) (holding that a wife, who attributed the breakup of her marriage to psychological consequences of her husband's injury at defendants' hands, could not recover damages under the Constitution for loss of consortium).

Here, the Court will consider only the alleged harm that Plaintiff personally suffered. Accordingly, the Court should dismiss the claims that Plaintiff raises on behalf of his wife and other family members.

**3. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

In is initial pleading, Plaintiff seeks monetary compensation for emotional distress and money his family "spent to access these systems." [doc. # 1, p. 5]. In his amended pleading, he seeks monetary compensation for: "The money that we've spent over the past 3 years, on the phone system, the kiosk system, my wife having to constantly move from state to state, the mental anguish of losing our babies in such a violent manner." [doc. # 9, p. 2].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. # 1, p. 2]. As to the claims above, he only presents one item of damages compensable by monetary relief: the money he spent on the telephone and kiosk system.[5] Absent that, he does not allege that he suffered any

---

[5] The undersigned addresses this request below.

7

physical injury—or any other compensable injury or damage—*because* of the defendants' alleged actions or omissions. Moreover, he does not allege that he was a victim of a "sexual act" as defined in 18 U.S.C. § 2246.

To the extent Plaintiff alleges that defendants caused him mental, emotional, or de-minimis physical injuries, he may not recover monetary relief. The Court should dismiss Plaintiff's claims which arise under the laws or Constitution of the United States (i.e., his claims under the Court's original jurisdiction) because he does not seek any cognizable relief.

**4. State Law Claims**

Plaintiff's only cognizable request for relief is for compensation for the money he spent on the telephone and kiosk system. However, Plaintiff does not join this request to any plausible constitutional claim. He does not specify if he seeks compensation because, for example, he overpaid for services or he did not receive the services for which he paid. To the extent that is what he alleges, he at best presents potential state law claims of, for instance, negligence, conversion, civil theft, or fraud.

When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). In fact, this is the general practice. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."). District courts have "wide discretion to dismiss state law claims" under Section 1367. *Adams v. Fuller*, 2022 WL 17250191, at *1

(5th Cir. Nov. 28, 2022). Under the interests of economy, convenience, fairness, and comity, the Court should dismiss without prejudice any remaining state law claims.[6,7]

**5.    Motion for Autopsy**

If the Court adopts the foregoing recommendations, it is further recommended that Plaintiff's motion for autopsy [doc. #10] be DENIED AS MOOT.

<u>Recommendation</u>

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Robert Earl King, III's claims arising under the laws and Constitution of the United States be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims on behalf of his wife and other family members be **DISMISSED WITHOUT PREJUDICE** for lack of standing and as frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for autopsy [doc. #10] be **DENIED AS MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or

---

[6] *See Spell v. Edwards*, 2023 WL 2110889, at *1 (5th Cir. Feb. 17, 2023); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

[7] The limitations period is tolled for a minimum of 30 days after dismissal. *See* 28 U.S.C. § 1367(d).

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of February, 2023.

                                              Kayla Dye McClusky
                                              United States Magistrate Judge